# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor, New York, NY 10007
Tel: (212) 417-8700  Fax: (212) 658-9483

Tamara Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

April 14, 2026

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

Defendant's request is granted.

SO ORDERED.

5/19/2026

Re:     *United States v. Jakeem Sylvester*, 22-CR-17 (KMK)

Dear Honorable Judge Karas,

With support from Mr. Jakeem Sylvester's supervising probation officer and without objection from the government, we write to request that this Court terminate his supervised release. Mr. Sylvester has completed over half of his three-year supervised release term. He currently lives in Staatsburg, New York and is in complete compliance with all terms of his supervision.

On supervised release, Mr. Sylvester has focused on being present for his beloved daughter and his meaningful employment working with those affected by substance abuse disorders. After being injured in a shooting and experiencing the death of his beloved mother while incarcerated, Mr. Sylvester made a commitment to living a law-abiding life and leaving his mistakes in the past. Now, he no longer needs Probation services to continue his path on the right track.

Probation Officer Jana Nieman supports this motion for early termination. She has confirmed that Mr. Sylvester has "remained employed since commencing supervision, has kept in touch as instructed, and completed treatment." AUSA Jennifer Ong does not object to this motion. For the reasons set forth more fully below, we ask the Court to terminate Mr. Sylvester's supervision.

## A. Factual Background

In June 2021, Mr. Sylvester was injured in a shooting and discarded an illegal firearm while fleeing the scene. After he was arrested, he was detained pretrial. While in pretrial BOP custody, he took advantage of programming and participated in the UNICOR recycling program, a lucrative position that is difficult to obtain within BOP. Defense Letter Renewing Request for Bail Pending Appeal, Dkt. No. 38. Despite frequent lockdowns at the facility, he remained committed to the program. Sadly, while he was incarcerated, his mother succumbed to cancer in January 2023. He was unable to see her before she passed, and he was unable to attend her funeral or grieve with his family.

1

On December 29, 2023, he was released on bail pending appeal. Ct. Order, Dkt. No. 41 (12/29/23). Mr. Sylvester went to Albany to live with a close family friend. He demonstrated initiative and secured employment at Burger King within one month of his release. When he was permitted by this Court to return to the Southern District in April 2024, he immediately got a job working for Amazon 40-60 hours per week. In June 2024, he was referred for and secured a full-time position at the Samaritan Daytop Village ("Samaritan"), which was a higher-paying and more personally-fulfilling role.

On July 11, 2024, this Court re-sentenced Mr. Sylvester to time served after he pled guilty to one count of unlawful transport of firearms. On that date, he also began his three-year term of supervised release. Mr. Sylvester continued his work at Samaritan and completed drug treatment at the Lexington Center for Recovery ("Lexington").

### B.  Legal Standard

Federal supervised release was created primarily "to ease the defendant's transition into the community after the service of a long prison term." S. Rep. No. 98-225, at 124 (1983), as reprinted in 1984 U.S.C.C.A.N. 3182. A district court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release. . .if [the court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

In making this decision, the district court cannot consider "the need…to provide just punishment for an offense." 18 U.S.C. § 3553(a)(2)(A); *see* 18 U.S.C. § 3583(e). Retribution is omitted for a reason. The Supreme Court has explained that the role of supervised release is "not []punishment," but to "fulfill[] rehabilitative ends" and "provide[]individuals with postconfinement assistance." *United States v. Esteras*, 606 U.S. 185, 186 (2025). Thus, courts applying § 3583(e) "must consider the forward-looking ends of sentencing (deterrence, incapacitation, and rehabilitation) but may not consider the backward-looking purpose of retribution." *Esteras*, 606 U.S. at 186.

Because the purpose of supervised release is rehabilitation, early termination is appropriate when the defendant's conduct demonstrates that supervision is no longer necessary. *See United States v. Trotter*, 321 F. Supp. 3d 337, 345 (E.D.N.Y. 2018); *United States v. Fernandez*, No. 10-cr-905 (LTS), 2025 WL 3687434 (S.D.N.Y. Dec. 19, 2025) (granting early termination because Fernandez had no violations, built a productive life, and was present in the lives of his children); *United States v. Niaz Khan* No. 21-cr-313-1 (JPO), 2026 WL 670214 (S.D.N.Y. Mar. 10, 2026) (granting early termination due to full compliance with supervision while also successfully completing treatment programs, maintaining employment, and sustaining positive relationships); *United States v. Mood*, No. 19-cr-113 (VB), 2026 WL 775830 (S.D.N.Y. Mar. 19, 2026) (granting early termination due to Probation's recommendation and the defendant's long-term employment).

### C. Early Termination is Supported by each Factor in the Newly Amended Supervised Release Guidelines.

The U.S. Sentencing Commission adopted its Amendments to the Sentencing Guidelines on April 30, 2025, effective on November 1, 2025. The comments to this Amendment describe this section as being designed to "encourage appropriate use of early termination…For example, the court may wish to consider early termination of supervised release if the defendant is an abuser of narcotics, other controlled substances, or alcohol who, while on supervised release, successfully completes a treatment program, thereby reducing the risk to the public from further crimes of the defendant. U.S.S.G. § 5D1.2, cmt. n.5.

In its provisions, the Commission recommends a non-exhaustive list of factors for a court to consider after the 12-month mark of supervision in determining whether termination is warranted:

(i) any history of court-reported violations over the term of supervision;

(ii) the ability of the defendant to lawfully self-manage (e.g., the ability to problem solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);

(iii) the defendant's substantial compliance with all conditions of supervision;

(iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;

(v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and

(vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

Mr. Sylvester's conduct is aligned with these factors. He has had no court-reported violation since beginning his supervised release term on June 11, 2024 and PO Nieman has confirmed that he has ensured substantial compliance with all conditions of supervision. His complete compliance over the period of his release demonstrates that early termination by a matter of months would not pose a risk to society

Therefore, Mr. Sylvester's compliance with supervision shows that release would not jeopardize public safety. Mr. Sylvester carried an unlawful firearm during a shooting incident. However, he has made substantial efforts since then to improve himself. He took advantage of programming while incarcerated, and as previously stated, he successfully completed a drug treatment program while

3

on release. He has worked hard to maintain consistent employment at a job that is personally and societally meaningful. He makes a consistent effort to be present in his daughter's life and knows that if he were to misstep it would harm her and their relationship. Moreover, supervised release is forward-looking rather than backwards-looking. *Esteras*, 606 U.S. at 186. For these reasons, his criminal history should not be the dispositive factor in evaluating any current concerns about public safety.

Mr. Sylvester has demonstrated his ability to lawfully self-manage. He has maintained consistent employment since his release. The nature of his employment also demonstrates his ability to handle responsibility and stay out of trouble. Mr. Sylvester works the night shift at Samaritan. There are long periods of time where he is the only employee overseeing a facility housing around 60 people struggling with substance abuse disorder. He proves each day at work that he can handle this responsibility. Being trusted with this high level of responsibility demonstrates his ability to lawfully self-manage both at work and in other areas of his life.

Mr. Sylvester's commitment to Samaritan is also an example of his engagement in prosocial activities. He not only does nightly rounds, but he also engages in mentoring. He loves working with patients because he can easily relate to them as a person who went through drug treatment. He gives people hope and tells the patients that he was there too, so it is possible for them to get treatment and make meaningful change in their lives. Mr. Sylvester also engages in prosocial behavior in his personal life. He maintains a consistent, loving relationship with his daughter. As stated previously, he picks her up from school every day and makes the effort to spend time with her at dinners, parties, or otherwise. She gives him the best reason to keep his life on track. He also has the love and support of his father, sister, and other family members that live around the Poughkeepsie area.

Since Mr. Sylvester has complied with his terms of supervised release, lawfully self-managed, engaged in prosocial activities, and his termination will not jeopardize public safety, he meets the Guidelines factors. This further demonstrates that Mr. Sylvester's early termination is in the interests of justice.

### D. Early Termination is Warranted by Mr. Sylvester's Conduct and the Interests of Justice.

Since starting supervised release, Mr. Sylvester has worked hard to continue the progress he made while out on bail. He has maintained full-time employment at Samaritan throughout supervised release. Samaritan is a non-profit organization that offers an in-patient drug rehabilitation program; the facility that employs him houses around 60 people. He works 35 hours per week on the night shift. While on night shift, he is the only facility employee present. His role includes hourly rounds, mentoring, and communication with the patients' probation officers. He has maintained this job without any issues since June 2024, 21 months ago.

Mr. Sylvester's hard work and compliance go beyond his employment. He has had no violations in the year and nine months that he has already spent on supervised release. He has also shown initiative in improving his living situation. When he first returned to the Southern District, he lived with his father. However, in January 2025, he secured his own stable residence in Staatsburg. He

4

has lived there since without incident. Therefore, he has not just emotionally, but also physically, separated himself from the prior bad influences that led to his involvement in the crime of conviction. He successfully completed a drug treatment program at Lexington. He also has the full support of PO Nieman. She supports this motion and noted in an email with our office that she "has no concerns to date."

Mr. Sylvester's dedication to self-improvement is also exemplified through his parental relationship. Mr. Sylvester is a proud father to his ten year-old daughter. She is in the fourth grade and Mr. Sylvester picks her up every day from school. He also frequently takes her out to dinner, and they recently celebrated Valentine's Day together. After the passing of his mother while he was incarcerated, Mr. Sylvester had time to reflect on his own parental relationship. The grief of losing his mother combined with the hardship of missing her funeral has stayed with him. He knows that life is short, and he wants to be able to spend as much time with his daughter as he can and be the best father that he can be. In Mr. Sylvester's own words, he "does not have time for any more time."

 

Mr. Sylvester is complying with supervised release. However, supervised release is still holding him back. Mr. Sylvester is eager to travel. He would like to see the beauty that our country has to offer and travel to different states. He also would like to plan an international trip and be able to apply for a passport. This is not possible while he remains on supervised release.

Finally, Mr. Sylvester is an example of someone who took the opportunity to take accountability for his actions and chart a different path moving forward. He is also someone who is in the position to help others make different choices. Early termination of supervision is important to "reward [a defendant's] determination to lead a responsible life and the success he has already realized" as it also "remind[s] others that such laudable progress is possible and will reap rewards." *United States v. Jiminez*, No. 92-cr-00091 (RJD), 2021 WL 535208 (E.D.N.Y. Feb. 12, 2021). Mr. Sylvester often uses his life experience when mentoring patients at Samaritan, many of whom are on supervised release. Thus, in addition to rewarding Mr. Sylvester for his successful supervisory term, terminating

Mr. Sylvester's supervision would meaningfully send a message to other defendants on supervision – that early termination of supervision is possible with hard work and full compliance.

### E.  Conclusion

Supervised release is appropriate here. Mr. Sylvester has the support of Probation, has maintained consistent employment in the service of others, and has demonstrated his commitment to being a loving and present father to his young daughter. Granting early termination here would not diminish respect for the law; it would affirm that the law recognizes meaningful transformation.

Mr. Sylvester has demonstrated that that his conduct and the interests of justice warrant early termination of supervision. For all the reasons set forth above, and in particular in light of Probation's support for this request and the Government's lack of opposition, we ask the Court to terminate supervision pursuant to 18 U.S.C. § 3583(e). Thank you for the Court's consideration of this request.

Respectfully submitted,

*Marisa K. Cabrera*

Marisa Cabrera, Esq.
Elena Swirczek, Legal Intern
Counsel to Mr. Sylvester
Federal Defenders of New York
52 Duane Street, 10th Floor
New York, NY 10007
Marisa_Cabrera@fd.org

Cc:     AUSA Jennifer Ong